**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-47-SRC |
| | ) | |
| CLIFFORD P. HELMKA, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**MEMORANDUM AND ORDER OF REMAND**</u>

This matter is before the Court upon review of a Notice of Removal pursuant to 28 U.S.C. § 1455, filed by Clifford P. Helmka, a prisoner. For the reasons discussed below, the Court will summarily remand this action to the Court from which it was removed.

**Background**

Helmka is a *pro se* litigant who is incarcerated in the Missouri Eastern Correctional Center. He is presently awaiting trial in the Circuit Court of Randolph County, Missouri, on charges of First Degree Domestic Assault, Second Degree Domestic Assault, and Second Degree Kidnapping. *State v. Clifford P. Helmka,* No. 19RA-CR00640-01 (14th Jud. Cir. 2019).

In the instant Notice of Removal, Helmka states he proceeds "With the Name of the Most High God," and "In Sui Juris, By Special Appearance, In Propria Persona." He can be understood to claim that the State court lacks jurisdiction over him. He sets forth the grounds for removal in the form of generalized questions, such as: "Where a state is a party-plaintiff in state criminal proceedings, does <u>Mo. Const. art. V § 14</u> authorize the state court to usurp the original jurisdiction that is circumscribed to the United States Supreme Court through Art. III § 2, Cl. 2 of the U.S. Constitution?" and "[i]s dismissal warranted where [Helmka] has not lawfully consented to the

state court seeking to obtain and subsequently exercise personal jurisdiction?" He poses other questions as well, such as whether he is entitled to the "Vicenage Provision" of the Sixth Amendment, and whether a warrant is lawful "when it is issued without a 'proper showing' of probable cause to a neutral and detached "Magistrate,' and signed in wet ink by the same." However, he does not explain how the issues he describes are relevant to his case.

Helmka also complains that his attorney failed to properly represent him, and that everyone involved in the State criminal prosecution has conspired against him. He seeks "equitable rescission of any and all contracts" he has entered into with the State, and asks this Court to order his release. Included with the Notice of Removal is a pleading titled "Notice and Declaration for Equitable Rescission of Contract and Withdrawl [*sic*] of 'Not Guilty' Plea" in which he states, *inter alia*, that he "withdraws any 'plea' pertaining to 'guilt' and demands that the pending alleged criminal action" be removed to this Court.

## Discussion

This Court must promptly examine a notice of removal such as the one at bar, and must make an order of summary remand if it clearly appears that removal should not be permitted. 28 U.S.C. § 1455(b)(4). Removal jurisdiction is limited, and the vindication of a defendant's federal rights is left to the state courts except in rare situations. *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966).

As an initial matter, the Court notes that Helmka neither paid the statutory filing fee for the removal of this action, nor filed a motion seeking leave to proceed without prepayment of such fee. Nevertheless, it would be futile to give Helmka the opportunity to correct this deficiency because it clearly appears that removal should not be permitted. In the removal notice, Helmka avers he proceeds pursuant to 28 U.S.C. § 1455, which establishes the procedure for removal of

2

criminal prosecutions. It requires, *inter alia*, that a defendant seeking to remove a criminal prosecution from State court must file in the district court a "copy of all process, pleadings, and orders served upon such defendant or defendants in such action." However, Helmka has filed no such documents. He has therefore failed to meet the requirements of § 1445.

Additionally, Helmka has asserted no basis to permit removal under either provision of 28 U.S.C. § 1443. Helmka does not rely upon a law of general application that is stated in terms of racial equality, as would establish a basis for removal under 28 U.S.C. § 1443(1). *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975), *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997). Instead, he offers the types of assertions often presented by those who believe they are exempt from the jurisdiction of the courts, and which have been summarily rejected as frivolous by federal courts around the nation. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting jurisdictional challenge based on defendant's argument he was a sovereign citizen); *United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of another "sovereign citizen" and collecting cases rejecting the group's claims as frivolous). Removal is also unavailable under 28 U.S.C. § 1443(2), as there is no indication Helmka is a federal officer or a person assisting such an officer in the performance of official duties. *See City of Greenwood*, 384 U.S. at 816. Finally, for the most part, Helmka asserts grounds for removal in general terms, with no explanation of the relevance of such grounds to his case.

For all of the foregoing reasons, it clearly appears that removal should not be permitted. The Court will therefore summarily remand this action to the Circuit Court of Randolph County, Missouri. *See* 28 U.S.C. § 1455(b)(4).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the Circuit Court of

Randolph County, Missouri.

Dated this 20th day of August, 2020.

_____

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE